*JEFFERSON COUNTY—APRIL
TERM, 1818.*

PRESENT—TAPPAN, *President;* M'ELROY, ANDERSON AND MOORES, *Associates.*

## EMORY vs. JENKINSON.

Trover cannot be sustained without proof of a positive tortious act done—negligence or nonfeasance is not sufficient.

TROVER FOR AN HORSE—PLEA, NOT GUILTY.

On trial, it appeared that the plaintiff, on his way over the mountains, came to the defendant's inn with his horse, and stayed all night as a guest. In the morning, it was discovered that the plaintiff's horse had been kicked by another horse in the stable, & was too much lamed to travel. The defendant offered his horse to the plaintiff to perform his journey, which offer was accepted. The plaintiff proceeded on his journey, and left his own horse with the defendant. The plaintiff's horse was put in pasture and broke out, and was lost. Whether the plaintiff requested the defendant to put his horse in pasture, or to put him there if the fence was good, or whether he was put there by the defendant without request or direction, was somewhat uncertain from the evidence. Plaintiff demanded pay for his horse.

REDICK & WRIGHT, for plaintiff. GOODENOW for defendant.

The jury returned a verdict for the plaintiff, damages $65. The defendant moved for a new trial : 1st. Because the jury found their verdict without any evidence of a demand and refusal of the property : 2d. Because there was clear and indisputable evidence of the loss of the property which the defendant had in possession : 3d. Because, generally, the evidence given by the plaintiff was not sufficient to support the kind of action he has pursued :. but if it shew any right to a recovery in the plaintiff, that right should be pursued in a different form of action. Goodenow cited Salk. 655 ; 1 Johns. cas. 406 ; 4 Esp. Rep. 155 ; 2 Bos. & Pul. 438 ; 5 Burr. 825 ; 2 Show. 161. Wright, contra, cited 9 Johns. Rep. 361.

PRESIDENT.—A demand and refusal, is evidence from which a jury may infer a conversion, in some cases ; but it is not the only evidence, to warrant such inference. When the property has been

lost, it would be useless for the party to demand the specific chattel; a demand of satisfaction, in such case seems sufficient—1 Esp. N. P. Rep. 32; the case of Le Place vs. Aupois, 1 Johns. cas. 406, cited by the defendant's counsel, shews that even a demand of satisfaction, or payment for the property, need not be made; where, as in that case, the defendant has admitted that he had the goods in question, and that he had lost them.

But the action of Trover cannot be sustained without proof of a positive tortious act done by the defendant; mere negligence or nonfeasance, is not sufficient. The evidence in this case, did not charge the defendant with any tortious act; it was urged, indeed, that here might have been a tortious conversion of the horse, for ought appeared in evidence; the evidence will not authorize such conjecture. Whether the defendant put the horse to pasture at the request of the plaintiff, and so became a mere bailee for hire, or whether he put him there without the consent of the plaintiff, would make a difference only in the extent of his liability; as, in the first case, he would be bound to ordinary care and diligence only; and in the latter would be answerable for all but the act of God and the enemies of the state, as an innkeeper; but in both would be chargeable for negligence only; so that, if the verdict of the jury is warranted by the evidence, it is on the ground of negligence, it is sustainable; and the result of that view of the case is, that the evidence did not support this form of action. New trial granted.